UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JABIN ALLEN WHITLOW,<br><br>             Petitioner/Defendant,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>             Respondent. | Case No.  1:10-cv-00191-BLW<br>                1:02-cr-00185-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is a Petition (Dkt. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, by Defendant/Petitioner Jabin Allen Whitlow.  The government opposes and requests dismissal of Whitlow's Petition (Dkt. 11).  Petitioner filed a Reply (Dkt. 12), and a Motion to Supplement (Dkt. 13).  Being familiar with the record and having considered the briefing, the Court will deny Whitlow's Motion to Supplement and deny the Petition, as discussed below.

## BACKGROUND

Petitioner was charged with Counts 1 and 19 in criminal Case No. 02-cr-00079, involving 29 co-defendants.  Those counts charged (1) conspiracy to distribute methamphetamine, cocaine and ecstasy in violation of 21 U.S.C. §§ 846(a)(1) and 841(b)(1)(A), and (19) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  *Superseding Indictment*, Dkt. 60 in 02-cr-00079.  Some months later, but related to the initial indictment, Petitioner alone was indicted on four counts in Case No. 02-cr-00185.  Those counts included:  (1) attempted distribution of

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); (3) use of a firearm in relation to drug trafficking in violation of 18 U.S.C. § 924(c)(1), and 18 U.S.C. § 2; and (4) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Indictment*, Dkt. 1 in criminal case.[1]

A jury heard both matters, consolidated as one case, and found Petitioner guilty on all four counts in Case No. 02-cr-00185 (Dkt. 21), and Count One from Case No. 02-cr-00079 (Dkt. 644). The Court sentenced Petitioner on June 18, 2003, to 444 months in prison. *Minutes*, Dkt. 22. Petitioner appealed both matters.

The Ninth Circuit found the language of the government's conspiracy charge in Case No. 02-cr-00079 to be impermissibly vague. *Mem. Decision*, Dkt. 1038 in 02-cr-00079. Concluding that this Court should have dismissed the conspiracy count, the Ninth Circuit reversed in part, and remanded for resentencing. *Id.* On January 27, 2006, the Court re-sentenced Petitioner to 300 months in prison on Counts 1 through 4 in Case No. 02-cr-00185. *Am. Judgment*, Dkt. 39. On Petitioner's second appeal, the Ninth Circuit affirmed the Court's sentence. *Mem. Decision*, Dkt. 58.

In Petitioner's motion under 28 U.S.C. § 2255, now before the Court, he alleges ineffective assistance of trial counsel for (1) failure to consult and advise regarding alternatives to trial; and (2) failure to seek dismissal of Count Three.

---

[1] Throughout the Background section only, citations to the Court Docket shall refer to entries in petitioner's criminal case no. 02-cr-00185, unless otherwise identified.

**MEMORANDUM DECISION AND ORDER - 2**

## LEGAL STANDARD

A prisoner asserting the right to be released "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) whether "the sentence was imposed in violation of the constitution or laws of the United States"; (2) whether the court was without jurisdiction to impose such sentence; (3) whether the sentence was "in excess of the maximum authorized by law"; or (4) whether the sentence is "otherwise subject to collateral attack." *See Hill v. United States*, 368 U.S. 424, 428 (1962). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

Where a motion under § 2255 is based on alleged constitutional or jurisdictional error, one must be careful to distinguish mere errors of law or fact. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 593 (2d ed. 1982). If the alleged error is one of law or fact, then § 2255 does not provide a basis for collateral attack "unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citing *Hill*, 368 U.S. at 428).

The Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *United States v. Leonti*,

326 F.3d 1111, 1116 (9th Cir. 2003)(quotation omitted).  To withstand summary dismissal, a defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990).  Conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## ANALYSIS

As discussed below, even if the Court were to accept all of Petitioner's allegations as true, he still fails to raise allegations sufficient to warrant a hearing.  Thus, the Court will consider the matter based on the record and pleadings before it.

**1.  Ineffective Assistance of Counsel**

A claim of ineffective assistance of trial counsel need not be raised on direct appeal to preserve the issue for collateral attack.  *United States v. Withers*, 638 F.3d 1055, 1066 (9th Cir. 2011)(citing *Massaro v. United States*, 538 U.S. 500, 505 (2003)).  To prove ineffective assistance of counsel, a petitioner has the burden of showing (1) that counsel performed so deficiently as to fall below an objective standard of reasonableness; and (2) prejudice – that but for counsel's deficiencies, the outcome would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687-694 (1984).

In evaluating counsel's performance, there is a strong presumption favoring a finding of effectiveness.  *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)(citation omitted).  The question is not "what the best lawyers would have done," but whether a reasonable lawyer in counsel's circumstances would have acted similarly.  *Coleman v.*

*Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). To earn the right to a hearing, a movant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *Keller*, 902 F.2d at 1395.

### A.    Failure to Consult

In Petitioner's first two arguments, he alleges that his trial counsel, Terry Ratliff, failed to consult or advise him about alternatives to trial. Petitioner states that he told counsel he wanted to plead guilty to the charges in Case No. 02-cr-00185, and proceed to trial only in Case No. 02-cr-00079. However, Petitioner also acknowledges that counsel attempted to negotiate a plea agreement as requested, but that the Assistant U.S. Attorney Monte Stiles refused. *Pet. Mem.*, Dkt. 1-1 at 4.

According to Petitioner, because his counsel failed to negotiate his plea bargain, Petitioner was denied a three level reduction in his sentencing offense level, under U.S.S.G. § 3E1.1, for acceptance of responsibility. At his re-sentencing on January 27, 2006, Petitioner was given a two level reduction. Petitioner argues that he therefore suffered a longer sentence than he would have, had his counsel performed effectively. In support, Petitioner cites *U.S. v. Blaylock*, 20 F.3d 1458 (9th Cir. 1994).

In *Blaylock*, the defendant claimed his counsel failed to inform him that the government had extended a plea offer. *Id.* at 1465. Here, the record is clear that counsel proposed that Petitioner would plead guilty to all four counts in Case No. 02-cr-00185, in exchange for dismissal of the conspiracy charge in Case No. 02-cr-00079; the government did not agree. Petitioner is correct that he could have entered an open plea of

guilty – that is, he could have pleaded guilty without any benefit conferred by the government in exchange. Fed. R. Cr. P. 11. In his affidavit, Ratliff states that he told Petitioner of the government's refusal, and he believes that, when presented with these options, Petitioner elected to go to trial. *Ratliff Aff.*, Dkt. 11-5 at 4.

The U.S. Supreme Court has held that a defendant "has the ultimate authority to [decide] . . . whether to plead guilty, waive a jury, testify in his or her own behalf, or to take an appeal." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Where counsel fails to act on a client's decision to plead guilty, such inaction is objectively unreasonable. Assuming that Petitioner's allegation is true, the Court finds that the first element for an ineffective assistance of counsel claim is established: counsel performed deficiently.

The Court must next consider whether Petitioner has established prejudice -- in other words, that his sentence is longer because of counsel's inaction. The Court finds that he has not. The government may move for a three level reduction in sentencing offense level for acceptance of responsibility, where, as here, the offense level is 16 or greater, and where the defendant assists "by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently . . .." U.S.S.G. § 3E1.1(b). Whether or not Petitioner told counsel he wanted to plead guilty to his second indictment (Case No. 02-cr-00185), it is undisputed that Petitioner never intended to plead guilty to the first indictment (Case No. 02-cr-00079). Because

**MEMORANDUM DECISION AND ORDER - 6**

Petitioner acknowledges he would have proceeded to trial, regardless of a partial plea, there was no basis to apply the third level reduction.

Also, the transcript of Petitioner's re-sentencing shows that the Court applied a two level reduction for acceptance of responsibility, and also considered factors set forth in 18 U.S.C. § 3553(a).  Based on Petitioner's extensive criminal history and his conduct in the offense at issue, the Court declined to sentence at the very bottom of the advisory guideline range of 294 to 346 months.  Instead, the Court sentenced Petitioner to a total of 300 months.  That sentence would still have been within the lower guideline range of 262-327, had the third level reduction been applied to Petitioner's adjusted offense level. *See Gov. Mem.*, Dkt. 11 at 7.

Thus, even accepting Petitioner's allegations as true, he still cannot show he was prejudiced by counsel's deficiencies, so as to support an ineffective assistance of counsel claim for failure to consult.  The Court will therefore deny the petition on this issue.

### B.     Brandishing A Firearm

Petitioner's second ineffective assistance of counsel argument asserts that, because counsel failed to allow him to plead guilty to the charges in Case No. 02-cr-00185, he was held accountable for Count Three in Case No. 02-cr-00185, which charged him with brandishing a firearm.  According to Petitioner, had he pleaded guilty to the charges rather than proceeding to a jury trial, the Court would have found Count Three not credible at sentencing.  This argument fails for a number of reasons.  If Petitioner had pleaded guilty to this count, then he would have admitted to brandishing a firearm, and

the Court would have had no reason to discredit the charge.  Thus, the same assertions made by Petitioner also defeat his argument.  Further, as noted by the government, a jury found Petitioner guilty of brandishing a firearm beyond a reasonable doubt, a more onerous burden of proof than the preponderance of evidence or clear and convincing evidence standard which governs sentencing decisions.  Ultimately, assuming Petitioner's assertions to be true, he fails to show he has suffered a greater sentence as to the firearm charge, but for counsel's inaction.  The Court therefore rejects Petitioner's second argument.

### C. Failure to Seek Dismissal of Count Three

Petitioner's third argument is that counsel failed to move for dismissal of Count Three from his indictment in Case No. 02-cr-00185.  The Government counters that, because Petitioner failed to raise this issue on appeal, it is procedurally defaulted.  The Court rejects the government's challenge.  As stated above, ineffective assistance of counsel arguments are appropriately raised in a § 2255 motion.  *Withers*, 638 F.3d at 1066 (citing *Massaro*, 538 U.S. at 505 (2003)).  However, Petitioner's third claim does not satisfy *Strickland*'s objective reasonableness requirement.

A difference of opinion as to trial tactics will not satisfy a finding of ineffectiveness.  *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981).  Counsel has the ultimate responsibility for his or her client's defense at trial, and therefore must have "wide latitude . . . in making tactical decisions" without need to consult the defendant.  *Strickland*, 466 U.S. at 689; *see also Wainwright v. Sykes*, 433 U.S. 72, 93 (1977).

Ratliff's decision whether to move to dismiss Count Three falls into the category of a tactical decision best left to counsel.  The Court next examines that decision for objective reasonableness.

According to Petitioner, Count Three contained the same open-ended language that the Ninth Circuit deemed impermissible in Count 1 of the first indictment.  However, the crux of the Ninth Circuit's decision was the open-endedness of a *conspiracy* charge. *Mem. Dec.*, Dkt. 1038 in Case No. 02-cr-00079 (citing similarly deficient wording of a conspiracy count in *U.S. v. Cecil*, 608 F.2d 1294, 1295-96 (9th Cir. 1979)).  Count Three in Petitioner's second indictment does not charge conspiracy, but the knowing use, possession, or brandishing of a firearm.  *Indictment*, Dkt. 1 in Case No. 02-cr-00185.  Further, although Count Three begins with an open-ended description of the relevant time period, it goes on to specify, "including but not limited to the date of March 20, 2002." *Id*.  The Court thus finds that counsel's decision not to seek dismissal of Count Three was objectively reasonable.

Finally, Petitioner fails to show prejudice from counsel's alleged failure to seek dismissal of Count Three.  As Petitioner himself contends, there was "overwhelming evidence of [Petitioner's] guilt and almost certainty [that he would be] convicted of each charge set forth in [his] indictment." *Pet. Mem.*, Dkt. 1-1 at 6.  Even if counsel had moved to dismiss Count Three, Petitioner has identified no basis for the Court to have granted the motion; and the Court finds none.  Again, accepting Petitioner's own

**MEMORANDUM DECISION AND ORDER - 9**

allegations as true, Petitioner's third argument fails; thus, the Court will deny the petition on this issue.

**2.      Motion to Supplement**

Petitioner moves to supplement, under Federal Rule of Civil Procedure 15(d), with additional argument addressing recent U.S. Supreme Court decisions. *Mot. Suppl.*, Dkt. 13 at 2 (citing *Missouri v. Frye*, 132 S.Ct. 1399 (2012), *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), *Martinez v. Ryan*, 132 S.Ct. 1309 (2012)). According to Petitioner, these decisions clarify that the right to effective assistance of counsel applies to pre-trial proceedings. *Mot. Suppl.*, Dkt. 13 at 3. However, the decisions shed no new light on the Court's analysis above, that Petitioner *was not prejudiced* by counsel's alleged failure to pursue a guilty plea as to the second indictment.

The ruling in *Martinez*, cited by Petitioner, also fails to change the Court's analysis here. *Martinez*, 132 S.Ct. 1309. Nothing in that decision supports a conclusion that Petitioner's counsel was deficient in failing to seek dismissal of Count Three. Petitioner's motion has no bearing on the Court's decision, therefore, the Motion to Supplement will be denied as moot.

**ORDER**

**IT IS ORDERED THAT:**

1.      Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 1) under § 2255 is DENIED.

2.      Petitioner's Motion to Supplement (Dkt. 13) is DENIED as MOOT.

3. Judgment to be entered separately.



DATED: October 5, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 11**