IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JABIN ALLEN WHITLOW,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Case No. 1:16-CV-556-BLW<br>Crim.Case No. 1:02-CR-79-BLW<br>Crim. Case No. 1:02-CR-185-BLW<br><br>**MEMORANDUM DECISION, ORDER, AND DENIAL OF CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Whitlow moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government has filed a response, arguing that Whitlow's motion must be dismissed as a matter of law. The matter is fully briefed by both sides and at issue.

Because the Court finds that the governing issue is a matter of law, no evidentiary hearing is necessary. For the reasons explained below, the Court finds that *Johnson* does not apply and that Whitlow's motion must be denied.

## LITIGATION BACKGROUND

Whitlow was originally charged in two separate cases for drug and firearm offenses. His cases were consolidated for trial, and a jury convicted him on all counts against him. In 2003, Whitlow was sentenced to 444 months of imprisonment after the Court deemed him to be a Career Offender under the Guidelines. He appealed and won a reversal of his conspiracy conviction. He was resentenced in 2006 to 300 months of

**Memorandum Decision & Order & Denial of Certificate of Appealability – page 1**

imprisonment, again based on a finding that he was a Career Offender. That resentencing was affirmed by the Ninth Circuit in 2009. *See U.S. v. Whitlow*, 308 F. App'x 236 (9th Cir. 2009).

Whitlow's first motion under § 2255 was denied. *See Whitlow v. U.S.,* 2012 WL 4758073 (D. Idaho, Oct. 5, 2012). Following the Supreme Court's decision in *Johnson v. U.S.,* 135 S.Ct. 2551 (2015), the Ninth Circuit granted Whitlow's request to file a second motion under § 2255 to argue issues raised by *Johnson*. *See Whitlow v. U.S.,* No. 16-71585 (9th Cir. Dec. 27, 2016).

## ANALYSIS

Whitlow argues that *Johnson* renders unconstitutional the residual clause of the Career Offender provisions of the Guidelines, resulting in a substantial reduction in his sentence. Whitlow was deemed a Career Offender due to two prior convictions, one for second degree assault in Oregon and another for conspiracy to manufacture a controlled substance. *See* Guideline § 4B1.1. Whitlow argues that his Oregon conviction cannot qualify as a "crime of violence" under *Johnson,* and that he was erroneously sentenced as a Career Offender.

In *Johnson*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA) as unconstitutionally vague. Whitlow points out that the residual clause in the Career Offender provision of the Sentencing Guidelines is identical to that struck down in *Johnson,* and that it follows from *Johnson* that the Guideline provision must fall as well.

However, that argument was rejected in *Beckles v. U.S.*, 137 S.Ct. 886 (2017). There the Supreme Court distinguished the ACCA from the Guidelines, holding that the Guidelines are advisory and do not fix the permissible range of sentences but merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, *Beckles* held that the Career Offender provisions of the Guidelines are not subject to a vagueness challenge under the Due Process Clause.

Whitlow was originally sentenced in 2003, at a time when the Guidelines were mandatory. But after a successful appeal, he was resentenced in 2006, a year after the Supreme Court declared the Guidelines as advisory only. *See U.S. v. Booker*, 543 U.S. 220 (2005). Because Whitlow's final sentence was issued under the advisory Guidelines, *Beckles* governs the result in this case, and Whitlow's motion must be denied.

As an independent reason for denying Whitlow's motion, the Court notes that he was not sentenced under the residual clause – he was sentenced under the elements clause. Even so, Whitlow responds, his sentence under the elements clause is void because the Oregon statute for second degree assault is overbroad and unconstitutional. But years have passed between the time Whitlow's resentencing was affirmed by the Ninth Circuit in 2009, and his filing of this second habeas petition on 2016. The one-year limitations period imposed by § 2255(f) starts running from the latest of the following four events: (1) the date on which the judgment became final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the US is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

**Memorandum Decision & Order & Denial of Certificate of Appealability – page 3**

Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim presented could have been discovered through due diligence.

Whitlow did not need to await the discovery of any facts to challenge his sentence under the elements clause, and there has been no newly recognized right granted, or impediment removed, that would result in the limitations period starting sometime after Whitlow's resentencing became final when the Ninth Circuit rejected his appeal in 2009. By the time Whitlow filed this second habeas petition in 2016, the one-year limitation period had long-since expired. Accordingly, under § 2255(f), Whitlow's motion is time-barred.

**Certificate of Appealability**

The Court must resolve doubts about the propriety of a certificate of appealability (COA) in movant's favor, *see Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc), but no such doubt exists here. In light of *Beckles*, Whitlow's motion has no chance of success on appeal. *See McPeters v U.S.,* 2017 WL 2115815 (C.D.Cal. May 12, 2017) (denying COA in an order relying on *Beckles* to reject a *Johnson*-based vagueness challenge to the Career Offender Guidelines); *US v. Haines*, 2017 WL 1425833 (D. Nev. Apr. 18, 2017) (same). The Court will accordingly deny a certificate of appealability in this case. The Court will prepare a separate Judgment as required by Rule 58(a).

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (docket no. 1) is DENIED, and that this action is DISMISSED.

IT IS FURTHER ORDERED, that the Court will not issue a Certificate of Appealability. The Clerk is directed to close this case.

DATED: February 19, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge