UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JABIN ALLEN WHITLOW,<br><br>Defendant. | Crim. Case No. 1:02-CR-185-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Jabin Allen Whitlow's Motion for Compassionate Release pursuant to 18 U.S.C. 3582(c)(1)(A)(i). Dkt. 69. The Government opposes the Motion. Dkt. 70. For the reasons that follow, the Court will deny the Motion.

## BACKGROUND

At the time of his arrest in 2002, Whitlow was a large-scale methamphetamine dealer in the Treasure Valley. *Presentence Investigation Report* at 20-23. Following a jury trial and Ninth Circuit appeal, Whitlow was convicted of (1) attempted distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); (3) use of a firearm in relation to drug

trafficking in violation of 18 U.S.C. § 924(c)(1), and 18 U.S.C. § 2; and (4) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. 39 at 1. The Court subsequently sentenced Whitlow to 300-months imprisonment. *Id.* at 2. To date, Whitlow has been incarcerated for 19 years. He is 53 years old and incarcerated at FCI Yazoo City Low. He is scheduled to be released on January 24, 2024. *Id.*

Whitlow now requests immediate release from custody believing the conditions of his confinement make contracting COVID-19 more likely. Dkt. 69 at 3. Because of his history with Hepatitis-C, Whitlow fears he would be at an increased risk of severe illness or death if he were to contract COVID-19. Dkt. 69 at 2. Additionally, Whitlow seeks compassionate release to care for his sick wife and elderly parents. *Id.*

## LEGAL STANDARD

Whitlow seeks compassionate release under 18 U.S.C. 3582(c)(1)(A)(i). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id.* If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* The Court may then grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*;

*United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Whitlow requested compassionate release from his Warden on December 27, 2020. Dkt. 69 at 19. He did not receive a response within 30 days and therefore exhausted his administrative remedies. Whitlow's Motion for compassionate release will be denied on the merits as the § 3553(a) factors do not warrant a reduction and he has not shown any extraordinary or compelling reasons exist to warrant release.

### I. Section 3553(a) factors

The § 3553(a) factors do not warrant a reduction in Whitlow's sentence. Whitlow has a lengthy criminal record riddled with drug offenses. *Presentence Investigation Report* at 26-35. Furthermore, despite his prior felonies, Whitlow possessed a firearm and reportedly said he would have "no problem shooting someone." *Id.* at 23. While Whitlow is currently 53 years old and a low security

inmate, his recent disciplinary record, which includes fighting another inmate and possessing a cell phone in violation of policy, demonstrates that he fails to understand his behavior is unacceptable. Dkt. 71-3.

## II.     Extraordinary and Compelling Reasons

Furthermore, Whitlow's concerns regarding his health do not constitute extraordinary and compelling circumstances warranting release. First, the Centers for Disease Control does not consider Hepatitis-C to be a condition that increases a person's risk of severe illness from COVID-19.[1] Second, Whitlow has previously received treatment for his Hepatitis-C, and as of June 18, 2020, no viral load was detected. Dkt. 71, Ex. 2 at 1. Third, Whitlow has received both doses of his COVID-19 vaccination thereby lowering the likelihood of contracting the virus or experiencing severe illness. Dkt. 69 at 4. Last, Yazoo City Low FCI currently has no active COVID-19 cases. https://www.bop.gov/coronavirus/# (last accessed July 6, 2021). For these reasons, it is unlikely that Whitlow will contract COVID-19 or experience severe illness if he did.

While Ms. Whitlow's circumstances are sympathetic, Whitlow has not proven that her condition constitutes an extraordinary or compelling reason for

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#MedicalConditionsAdults (last accessed July 1, 2021).

release. As both parties note, under U.S.S.G. § 1B1.13, "[t]he incapacitation of the defendant's spouse . . . *when the defendant would be the only available caregiver for the spouse*" qualifies as an extraordinary or compelling reason for release. U.S.S.G. § 1B1.13, cmt. n. 1(C)(ii) (emphasis added). While not binding, the Court finds U.S.S.G. § 1B1.13 to be instructive here. *See Aruda*, 993 F.3d at 802 ("U.S.S.G. § 1B1.13 may inform a district court's discretion . . . but they are not binding."). Whitlow has not proven he is the only available caregiver for his wife, and as such, he has failed to meet his burden.

## ORDER

**IT IS ORDERED** that Jabin Whitlow's Motion for Compassionate Release (Dkt. 69) is **DENIED**.

DATED: July 13, 2021

_____
B. Lynn Winmill
U.S. District Court Judge